IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Santos Baez,

        Plaintiffs,

-vs-

Ohio Department of Rehabilitation
  & Corections, et al.,

        Defendants.

Case No. 3:13 CV 856

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

### INTRODUCTION

*Pro se* Plaintiff Santos Baez filed this action against the Ohio Department of Rehabilitation and Correction ("ODRC") and the Ohio State University Medical Center (Ohio State). Plaintiff alleges physicians at Ohio State committed medical malpractice when they treated him for bladder stones from 1991 to 1994. He seeks monetary damages.

### BACKGROUND

Plaintiff is an 74-year-old male prisoner at the North Central Correctional Complex (Doc. 1 at 4). He entered prison in December 1990 to serve a 15 to 40 year sentence. He alleges he was treated for bladder stones at Ohio State from 1991 to 1994 (Doc. 1 at 4). His medical records indicate his physicians also removed a tumor from his bladder (Doc. 1-1 at 2). Plaintiff alleges he recently began to experience sexual dysfunction (Doc. 1 at 4). He contends he assumed initially this was normal for a person of his age; however, he concluded he had a medical problem after speaking to several male prisoners (*id.*). He surmises his problem must have resulted from an error committed

during the surgical procedures performed on his bladder (*id*). Plaintiff asserts the doctors committed medical malpractice (*id.*).

### STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**ANALYSIS**

Federal courts are courts of limited jurisdiction and, unlike state courts, only have the authority to decide cases the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Consequently, "[i]t is to be presumed . . . a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or when plaintiff asserts a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship exists only when plaintiff is a resident of a different state than all defendants. *See* 28 U.S.C. § 1332; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (stating diversity of citizenship under Section 1332 exists only if there is complete diversity so that no plaintiff is the citizen of the same state as any defendant). Federal question jurisdiction exists if plaintiff asserts a claim arising under federal law. Plaintiff here has not established either basis for jurisdiction.

First, Plaintiff has not alleged facts suggesting diversity of citizenship is present. Both Defendants are Ohio citizens. Plaintiff does not indicate his citizenship. Since December 1990, he has been serving a sentence of 15–40 years in an Ohio correctional institution. A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Boladian v. UMG Recordings, Inc.*, 2005 WL 14981, at *2 (6th Cir. Jan. 3, 2005). Plaintiff does not provide information suggesting he could claim citizenship of another state and therefore has not met his burden to establish diversity jurisdiction.

3

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" that defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (internal quotation marks omitted). Although the well-pleaded complaint rule focuses on what plaintiff alleges, it allows the court to look past the words of the complaint to determine whether the allegations, no matter how plaintiff casts them, ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal question jurisdiction also reaches ostensible state law claims that: (1) necessarily depend on a substantial and disputed federal issue; (2) are completely preempted by federal law; or (3) are truly federal law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Plaintiff is proceeding *pro se*, and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). However, even with that liberal construction, Plaintiff has failed to assert a federal question in this case. He raises a claim of medical malpractice, which is based on state tort law, not federal law. Moreover, this Court cannot construe the claim under 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). To state a *prima facie* case under Section 1983, Plaintiff must assert Defendants violated his constitutional rights. Medical malpractice allegations, however, do not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Absent a plausible claim based on a violation of federal law, Plaintiff has not established federal question jurisdiction either.

**CONCLUSION**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied and his Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. This action is dismissed under 28 U.S.C. § 1915(e), and, further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

                                          September 30, 2013